FILED

2026 May-15  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| VISION SPHERE LABS, LLC,<br><br>     Plaintiff/<br>     Counterclaim-<br>     Defendant,<br><br>  v.<br><br>ADTRAN, INC.,<br><br>     Defendant/<br>     Counterclaim-<br>     Plaintiff. | Civil Action No. 5:26-cv-728-HNJ<br>JURY TRIAL DEMANDED |

**ADTRAN, INC.'S ANSWER AND COUNTERCLAIMS**

Defendant Adtran, Inc., ("ADTRAN") by and through its undersigned attorneys, provides its Answer to the Complaint for Patent Infringement filed by Plaintiff Vision Sphere Labs, LLC ("VSL") as follows:

## PARTIES

1.      ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

2.      Admitted.

3.      ADTRAN admits that VSL's Complaint alleges claims under the patent laws of the United States. ADTRAN denies that it has infringed, directly or indirectly, literally or by doctrine of equivalents, any valid and enforceable claim of any patent asserted in VSL's Complaint.

4.      Admitted.

5.      VSL's allegation is no longer applicable as the allegation of this paragraph was directed to ADTRAN's alleged activities in Texas and the jurisdiction of the United States District Court for the Northern District of Texas over ADTRAN. ADTRAN admits that it did not challenge whether it was subject to personal jurisdiction in the Northern District of Texas. ADTRAN denies that any act it may have undertaken in Texas constituted infringement, directly or indirectly, literally or by doctrine of equivalents, any valid and enforceable claim of any patent asserted in VSL's Complaint. ADTRAN admits that it is subject to personal jurisdiction in the Northern District of Alabama for purposes of this case.

6.      VSL's allegation is no longer applicable as the allegation of this paragraph was directed to whether venue in this case was proper in the Northern District of Texas. ADTRAN denies venue was proper in the Northern District of Texas, and the United States District Court for the Northern District of Texas found that venue was improper in that court in this case. ADTRAN denies that it has a place of business at the address alleged in Richardson, Texas. The United States

2

District Court for the Northern District of Texas found that the facility in Richardson, Texas, was not ADTRAN's place of business. ADTRAN admits that venue is proper in the Northern District of Alabama in this case.

7. VSL's allegation is no longer applicable as the allegation of this paragraph was directed to ADTRAN's alleged activities in Texas, the jurisdiction of the United States District Court for the Northern District of Texas over ADTRAN, and whether venue in this case was proper in the Northern District of Texas. ADTRAN denies that any act it may have undertaken in Texas constituted infringement, directly or indirectly, literally or by doctrine of equivalents, any valid and enforceable claim of any patent asserted in VSL's Complaint. ADTRAN denies that any action it may have undertaken has injured VSL.

**THE 860 PATENT**

8. ADTRAN admits that the 860 Patent states on its face the title and issue date as alleged. ADTRAN admits that Exhibit A purports to be a copy of the 860 Patent.

9. ADTRAN admits that the 860 Patent states on its face the filing date and application number as alleged.

10. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

11. ADTRAN admits that this paragraph quotes portions of the 860 Patent. ADTRAN lacks sufficient knowledge to admit or deny any allegation as to the truthfulness or accuracy of the quoted portions of the 860 Patent and, therefore, denies any such allegation.

12. Denied.

13. ADTRAN admits that this paragraph quotes portions of the 860 Patent. ADTRAN lacks sufficient knowledge to admit or deny any allegation as to the truthfulness or accuracy of the quoted portions of the 860 Patent and, therefore, denies any such allegation.

14. ADTRAN admits that this paragraph quotes portions of the 860 Patent. ADTRAN lacks sufficient knowledge to admit or deny any allegation as to the truthfulness or accuracy of the quoted portions of the 860 Patent and, therefore, denies any such allegation. To the extent that this paragraph alleges that the 860 Patent discloses or claims a novel and non-obvious system or method, ADTRAN denies such allegation.

15. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

16. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

17. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

18. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

19. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

20. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

## THE 028 PATENT

21. ADTRAN admits that the 028 Patent states on its face the title and issue date as alleged.  ADTRAN admits that Exhibit B purports to be a copy of the 028 Patent.

22. ADTRAN admits that the 028 Patent states on its face the filing date and application number as alleged.

23. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

4

24. Denied.

25. ADTRAN admits that the 028 Patent has been expired since at least September 5, 2022. ADTRAN lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph and, therefore, denies such allegations.

26. ADTRAN admits that this paragraph quotes portions of the 028 Patent. ADTRAN lacks sufficient knowledge to admit or deny any allegation as to the truthfulness or accuracy of the quoted portions of the 028 Patent and, therefore, denies any such allegation.

27. ADTRAN admits that this paragraph quotes portions of the 028 Patent. ADTRAN lacks sufficient knowledge to admit or deny any allegation as to the truthfulness or accuracy of the quoted portions of the 028 Patent and, therefore, denies any such allegation.

28. ADTRAN admits that this paragraph quotes portions of the 028 Patent. ADTRAN lacks sufficient knowledge to admit or deny any allegation as to the truthfulness or accuracy of the quoted portions of the 028 Patent and, therefore, denies any such allegation. To the extent that this paragraph alleges that the 028 Patent discloses or claims a novel and non-obvious system or method, ADTRAN denies such allegation.

29. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

30. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

31. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

32. ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

33.    ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

34.    ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

## COUNT I

35.    ADTRAN incorporates paragraph 1-34 as though fully set forth herein.

36.    Denied.

37.    ADTRAN admits that Exhibit C purports to set forth VSL's infringement allegations as to the 860 Patent. ADTRAN denies that it has infringed, directly or indirectly, literally or by doctrine of equivalents, any valid and enforceable claim of any patent asserted in VSL's Complaint.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

43.    Denied.

44.    ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

## COUNT II

45.    ADTRAN incorporates paragraph 1-44 as though fully set forth herein.

46.    Denied.

47.     ADTRAN admits that Exhibit C purports to set forth VSL's infringement allegations as to the 860 Patent. ADTRAN denies that it has infringed, directly or indirectly, literally or by doctrine of equivalents, any valid and enforceable claim of any patent asserted in VSL's Complaint.

48.     Denied.

49.     Denied.

50.     Denied.

51.     ADTRAN lacks sufficient knowledge to admit or deny this allegation and, therefore, denies this allegation.

52.     Denied.

## DEMAND FOR JURY TRIAL

ADTRAN demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

ADTRAN denies that VSL is entitled to any of the requested relief or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden not otherwise applicable to ADTRAN, ADTRAN asserts under Federal Rule of Civil Procedure 8(c) the following defenses and reservations to VSL's Complaint.

### First Defense

53.     The Complaint fails to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6).

## Second Defense

54.    ADTRAN has not and does not infringe directly, either literally or under the doctrine of equivalents, by inducement, or by contribution any valid and enforceable claim of any of the Asserted Patents.

## Third Defense

55.    The 860 Patent and 028 Patent are each invalid for failing to satisfy the requirements of the Patent Act.

## Fourth Defense

56.    The 860 Patent and 028 Patent are each invalid for failure to satisfy one or more of the conditions for patentability of 35 U.S.C. §§ 102, 103, separately and severally.

57.    The 860 Patent and 028 Patent are each invalid under the doctrines of double patenting and obviousness type double patenting.

## Fifth Defense

58.    The 860 Patent and 028 Patent are each invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 112.

## Sixth Defense

59.    VSL's claim for damages, if any, against ADTRAN regarding each and every Asserted Patent is limited under 35 U.S.C. § 287.

## Seventh Defense

60.    VSL's claim for damages is barred, in whole or in part, due to VSL's failure to mitigate its damages.

8

**Eighth Defense**

61.     VSL has abandoned and dedicated to the public domain all inventions, information, methods, features, elements, and devices described in the each and every Asserted Patent to the extent the same are not literally included within the scope of the claims.

**Ninth Defense**

62.     Equitable principles, including the doctrine of unclean hands or patent misuse, or both, may bar some or all of the claims asserted by VSL because VSL seeks to enforce a patent or claims thereof that, upon information and belief, VSL knows to be invalid, void, unenforceable, or not infringed.

**Tenth Defense**

63.     VSL's claims are barred in whole or in part based on equitable principles, including the doctrines of release, laches, estoppel, or waiver, separately or severally.

**Eleventh Defense**

64.     ADTRAN denies that VSL is entitled to damages of the nature, type, or amount sought in its Complaint.

**Twelfth Defense**

65.     By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the application that resulted in the issuance of each and every Asserted Patent, as shown by the prosecution history of each of the Asserted Patents, and the teachings of the prior art, VSL is estopped from asserting a construction of any claim in the Asserted Patents that would cause those claims to be infringed by any product made, used, sold or offered for sale by ADTRAN.

## Thirteenth Defense

66.     The doctrine of prosecution history estoppel precludes reliance by VSL upon the doctrine of equivalents.

## Reservation of Rights

67.     ADTRAN reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

1.    Defendant and Counterclaim Plaintiff ADTRAN asserts, under Federal Rule of Civil Procedure 13, the following counterclaims against Plaintiff and Counterclaim Defendant VSL. In support of its counterclaims, ADTRAN further states as follows:

### NATURE AND BASIS OF ACTION

2.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the United States Patent Act, 35 U.S.C. § 1 et seq.  ADTRAN requests declarations that: (1) ADTRAN does not directly infringe, whether literally or under the doctrine of equivalents, contributorily infringe, or induce infringement of any claim of the 860 Patent or the 028 Patent; and (2) all claims of the 860 Patent and the 028 Patent are invalid and unenforceable.

### PARTIES, JURISDICTION, AND VENUE

3.    ADTRAN is a Delaware corporation with its principal place of business in Huntsville, Alabama.

4.    VSL states in its Complaint that it is a Texas Limited Liability Company with a place of business at 17350 State Highway 249 STE 220, Houston, Texas, 77064.

5.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, 1400(b).

### FACTUAL ALLEGATIONS

7.    VSL purports to be the owner of the 860 Patent and the 028 Patent.

8.    VSL has incorrectly asserted that ADTRAN has infringed one or more claims of the 860 Patent and the 028 Patent.

9.    ADTRAN has not and does not infringe directly, by contribution, or by inducement any valid and enforceable claim of the 860 Patent or the 028 Patent.

11

10. On information and belief, all claims of the 860 Patent and the 028 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 860 PATENT

11. ADTRAN realleges and incorporates by reference the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq., regarding ADTRAN's non-infringement of the claims of the 860 Patent.

13. ADTRAN does not infringe any valid and enforceable claim of the 860 Patent.

14. ADTRAN is entitled to a judicial declaration that it does not infringe directly, by inducement, or by contribution any valid and enforceable claim of the 860 Patent.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 028 PATENT

15. ADTRAN realleges and incorporates by reference the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq., regarding ADTRAN's non-infringement of the claims of the 028 Patent.

17. ADTRAN does not infringe any valid and enforceable claim of the 028 Patent.

18. ADTRAN is entitled to a judicial declaration that it does not infringe directly, by inducement, or by contribution any valid and enforceable claim of the 028 Patent.

## COUNT III
## DECLARATORY JUDGMENT OF INVALIDITY OF THE 860 PATENT

19.    ADTRAN realleges and incorporates by reference the allegations of paragraphs 1 through 10 as if fully set forth herein.

20.    There is an actual and justiciable controversy between the parties regarding the invalidity of the claims of the 860 Patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

21.    On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each claim of the 860 Patent is invalid as anticipated by and obvious over prior art.

22.    On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each claim of the 860 Patent is invalid for at least failing to adequately disclose the invention in the specification of the patent and for failing to enable a person of ordinary skill in the art to make or use the claimed apparatus.

23.    On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each claim of the 860 Patent is invalid as indefinite for failing to particularly point out and distinctly claim the subject matter of the invention.

24.    ADTRAN is entitled to a judicial declaration and order that each claim of the 860 Patent asserted is invalid and unenforceable.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE 028 PATENT

25.    ADTRAN realleges and incorporates by reference the allegations of paragraphs 1 through 14 as if fully set forth herein.

13

26.     There is an actual and justiciable controversy between the parties regarding the invalidity of the claims of the 028 Patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

27.     On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each claim of the 028 Patent is invalid as anticipated by and obvious over prior art.

28.     On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each claim of the 028 Patent is invalid for at least failing to adequately disclose the invention in the specification of the patent and for failing to enable a person of ordinary skill in the art to make or use the claimed apparatus.

29.     On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each claim of the 028 Patent is invalid as indefinite for failing to particularly point out and distinctly claim the subject matter of the invention.

30.     ADTRAN is entitled to a judicial declaration and order that each claim of the 028 Patent asserted is invalid and unenforceable.

## JURY DEMAND

31.     ADTRAN demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, ADTRAN prays for relief as follows:

(a)     That VSL recover nothing and that its complaint be dismissed with prejudice;

(b)     That the Court declare that ADTRAN does not infringe directly, by inducement, or by contribution any claim of the 860 Patent or 028 Patent;

(c)     That the Court declare and order that each claim of the 860 Patent and 028 Patent is invalid and unenforceable;

(d)     That the Court find this case is exceptional within the meaning of 35 U.S.C. § 285 and award ADTRAN its reasonable attorneys' fees in this action;

(g)     That all costs be taxed against VSL; and

(h)     That ADTRAN be granted such other and further relief as the Court deems just and proper.

Dated: May 15, 2026                                 Respectfully submitted,


                                                    /s/ Benn C. Wilson
                                                    PAUL M. SYKES
                                                    Alabama Bar No. ASB4309S52P
                                                    psykes@bradley.com
                                                    BENN C. WILSON
                                                    Alabama Bar No. ASB1295B69E
                                                    bcwilson@bradley.com
                                                    **BRADLEY ARANT BOULT CUMMINGS LLP**
                                                    1819 5th Ave. N
                                                    Birmingham, AL 35203
                                                    Telephone: (205) 521-8000
                                                    Facsimile: (205) 521-8800

                                                    **ATTORNEYS FOR DEFENDANT ADTRAN, INC.**

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Benn C. Wilson*
Benn C. Wilson